Parker, J.
(after stating the facts of the case, as above detailed) said : The plaintiff in error seeks to reverse the judgment, because, as his counsel contends, the defendants in error had no right to submit the suit brought by them against Rice to arbitration, and because the act of limitations is a bar to the action. The demurrers and the instruction moved are but different modes of raising these questions.
The declaration alleges the assignment, the suit brought, the agreement to refer, the award that the bond had been discharged by payments and offsets claimed by the obligor, and the judgment thereon. From these facts it infers the liability of the assignor; and, as I think, rightly infers it. Whether the award bound him or not, the judgment of the court is to be presumed to be right until the contrary is shewn. This was a sufficient foundation for the assumpsit, unless the defendant could controvert the facts found by the award, and shew that the judgment was erroneous. The assignees had a right to submit the case to arbitration, even though the award might not bind the assignor, or be evidence against him; and the judgment was binding, unless he could make it appear that the facts stated in the award, upon which the plaintiffs lost the cause, did not exist. These facts he was at liberty to controvert, and I presume he did controvert them before the jury, who distinctly reaffirm them in the special verdict.
*477 Then, as to the act of limitations. Admitting, for the sake of argument, that if a bond is paid and then assigned, an action accrues to the assignee against the assignor from the date of the assignment, in analogy to the doctrine asserted in Rice v. White, 4 Leigh 474. Battley v. Faulkner, 3 Barn. & Aid. 288. Short v. M’ Carthy, Id. 626. and Howell v. Young, 5 Barn. & Cres. 269. and that the noninstitution of a suit for 6 years from that date bars the assignee, the doctrine does not apply to this case. Here, a part of the payment consists in an offset claimed by Rice against the assignor, which was unknown to the assignees, and might never have been claimed by the obligor. It was only the judgment which fixed it as a payment; and therefore the action did not accrue against the assignor, until that judgment was rendered. Until suit brought, it was quite uncertain whether Rice would claim that offset, or bring his action against his guardian on his bond; nor was its justice and legality finally ascertained until the judgment.- Previous to this time, the defendants in error could not have asserted their rights under the assignment ; for it could not appear that Rice would plead or claim the offset, and it was their duty to ascertain this fact before they sued the assignor. If any part of the debt was due from Rice, they could not have excused themselves from suing him; and if, upon this state of facts, they had instantly sued the assignor, alleging that 70 dollars had been paid to Joseph D. Scales, and that, for the balance, Rice had a legal offset against Zebulon, they must have failed in their action.
The judgment must therefore be affirmed.
The other judges concurred. Judgment affirmed.